MOSER *v.* WHITE.

1. JUSTICES OF THE PEACE—AMENDMENT—PLEADING.

The statute of amendments (3 Comp. Laws, § 10268), author-
izes a justice of the peace to permit an amendment of plain-
tiff's declaration on the common counts by adding a count
waiving tort, and suing in assumpsit for stone taken from
plaintiff's premises, upon plaintiff's motion, after the time for
pleading had elapsed and the pleadings had been put in orally
and the case had come on at the adjourned day.

2. SAME—CERTIORARI—AMENDMENT.

A judgment of $75 under an item of a bill of particulars claim-
ing a smaller sum, may not be reversed on certiorari if the
alleged defect might have been cured at the trial in justice's
court by amendment, but defendant, refusing to take part in
the trial there, raised no objection on such ground.

Certiorari to Oceana; Cogger, J. Submitted April 9,
1912. (Docket No. 47.) Decided July 11, 1912.

Assumpsit in justice's court by Maggie Moser against
Emmet D. White. Plaintiff obtained a judgment; de-
fendant removed the cause to the circuit court by cer-
tiorari. A judgment for defendant is reviewed by plain-
tiff on writ of certiorari. Reversed.

*Rufus F. Skeels,* for appellant.

*A. S. Hinds,* for appellee.

MOORE, C. J. On the 18th day of August, 1911, the
plaintiff commenced suit in assumpsit against defendant
in justice's court. The return day of the summons was
the 26th day of August, 1911, at which time the parties
appeared, and the plaintiff declared orally on all matters
provable under the common counts in assumpsit and
claimed damages $300 or under, and it was agreed that
plaintiff should have the right to file and serve a bill of

particulars by August 31, 1911. The defendant by his attorney pleaded the general issue with the right to file and serve any notice or other applicable pleading at any time up to September 5, 1911. By consent, the cause was adjourned to September 19, 1911, at 9 o'clock in the forenoon. On September 1, 1911, the attorney for the plaintiff served on the attorney for the defendant a copy of a proposed amended declaration, a copy of a proposed bill of particulars, and a notice that on the adjourned day the plaintiff would ask permission to file the amended declaration and bill of particulars as her declaration and bill of particulars in said suit. On the adjourned day, the parties appeared by their attorneys, and the plaintiff was permitted to file her amended declaration and bill of particulars over the objection of the defendant. The amended declaration was for the taking and removing of 150 loads of stone from the land of plaintiff of the value of $52.50. In the declaration it was said the plaintiff waives the tort and sues in assumpsit. The common counts were also attached, damages in the sum of $100 were claimed. The bill of particulars reads in part:

"Also to 150 loads of stone taken by defendant out of and off of the lands of said plaintiff described in her declaration in said cause, said taking of said stone being during the summer and fall of the year 1909, for which the plaintiff claims 35c. per load, amounting to * * * $52.50, and for which the plaintiff waives the tort and sues in assumpsit.

"To injury to the lands of plaintiff, described in said declaration, by the defendant entering thereon and taking therefrom the above-mentioned stone, during the summer and fall of the year 1909, amounting to the sum of * * * $45.00, and for which plaintiff also waives the tort and sues in assumpsit."

The attorney for defendant refused to plead to the amended declaration, and declined to take any further part in the suit. Witnesses were sworn on the part of the plaintiff, and a judgment was rendered in favor of the plaintiff and against the defendant for $75 damages and

$7.20 costs. The defendant removed the cause to the circuit court by certiorari.

"The circuit judge was of the opinion that the justice exceeded his authority, and the proceedings thereafter were without jurisdiction and void, and the judgment was ordered set aside, with costs to defendant; plaintiff, and appellant duly excepted. Upon this finding judgment was entered in favor of the defendant and against the plaintiff for the sum of $24. From this judgment, plaintiff appeals to this court."

Two questions are presented. We quote from the brief of counsel:

"These assignments of error and the return of the justice squarely raise, for the consideration of this court, two general questions: *First.* Whether the justice had the right to allow the amended declaration and the bill of particulars offered after the common counts alone had been pleaded, and after the time allowed by the justice to the plaintiff for the perfection of her pleadings had expired. *Second.* Whether the justice had the right to render judgment for $75 under an item in plaintiff's bill of particulars which claims only $45 damages."

It is urged, we again quote from the brief:

"The first objection stated is that the statute (section 766, 1 Comp. Laws) expressly limits the time of pleading to the first appearance of the parties unless the justice shall allow further time upon cause shown. This statute is as plain as words can make it, and, when the parties left the justice's office on August 26, 1911, the pleadings were closed, so far as the plaintiff was concerned, except that she was given until August 31st in which to file a bill of particulars of her demands under her common count declaration."

*First.* We think the record shows that permitting the amendment was clearly within the discretion of the justice of the peace. See note at bottom of page 348, 1 Comp. Laws, and section 10268, 3 Comp. Laws.

*Second.* Was there error in rendering the judgment for $75 under the bill of particulars? The defendant did not remain in court to aid the justice in conducting the trial.

If an amendment of the bill of particulars had been asked, it would have followed as of course. Defendant cannot remain idle under the facts disclosed by this record and then remove the case to the circuit court by certiorari and get the case reversed for so technical a reason.

The judgment of the court below is reversed, and the judgment rendered in the justice's court is affirmed, with costs of this and the circuit court.

STEERE, MCALVAY, BROOKE, and STONE, JJ., concurred. OSTRANDER, J., concurred in the result. BLAIR and BIRD, JJ., did not sit.